IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DONTEL THOMAS and
DALTON JACKSON, on
behalf of Themselves and all Others
Similarly Situated                                                          PLAINTIFFS

v.                                  No. 2:15-cv-95-DPM

NEAL BYRD, in his Official Capacity;
JOHN THOMAS, individually and in his
official capacity as an employee of City of
Helena-West Helena; and SENTENCING
OPTIONS SPECIALISTS, INC.                                        DEFENDANTS

ORDER

**1.** The Court held a fairness hearing on the proposed class settlement agreement in Helena on 6 March 2017. The Court confirmed its earlier tentative conclusion that the proposal is within the range of fair, reasonable, and adequate ways to resolve this case. There are some loose ends to tie up, in the next month or so, before the Court can consider giving final approval.

**2.** All required notices were given. Potential class members received adequate and proper notice of the proposed deal. They had a fair opportunity to make a claim for a share of the settlement fund. The claims process is proceeding well, with thoroughness and the right spirit: the point is to identify all those who were wronged and should get some money. No

potential class member objected in writing to the terms of the proposed settlement by the 31 January 2017 deadline. No potential class member objected at the fairness hearing, or has otherwise contacted the parties or the Court with an objection. The claims period has closed, subject to resolution of disputed and timely claims already made. The time for objections to the proposed settlement has passed.

**3.** The parties must file a joint final claims report by 31 March 2017. This report must be comprehensive. It must include an exemplar of each of the various letters that went out to claimants. It must include a final spreadsheet listing all claims made, approved, and rejected. It must also note whether any rejected claimant has appealed or sought reconsideration. The spreadsheet should list claimants anonymously, by number. A key document, listing claimants by number and name, must be filed under seal by 31 March 2017 too.

**4.** At the fairness hearing, class counsel requested named-plaintiff incentive awards of $25,000 for Dalton Jackson and $10,000 for Dontel Thomas. Jackson attended the hearing and testified. Thomas couldn't attend. Thomas must therefore file a sworn statement in support of his requested

award by 31 March 2017. The Court will consider and decide about these proposed awards as part of the final-approval process.

5. Two potential side agreements were discussed at the fairness hearing. The first would allow the three class members who opted out of the class to opt in, without waiving non-Rule 8 claims against the defendants in other law suits. Second, class counsel has agreed to drop a pending Circuit Court suit against the Municipal League and the Arkansas Public Entities Risk Management Association, if the Court gives final approval to the settlement. File a joint report attaching the side agreements by 31 March 2017. FED. R. CIV. P. 23(e)(3).

6. How is the money going to be divided? The parties' proposed settlement agreement provides that the $210,000 will cover some incentive award to Jackson and to Thomas (for taking the public lead in filing this case), a reasonable attorney's fee to class counsel (to be set later by the Court), and the balance will be divided among the class members who made timely and valid claims. № 52-1, § IV, D, ¶ 3. At the fairness hearing, class counsel said his requested fee would not be more than $75,000. The Court and the lawyers also discussed how the class members' share should be split — what would be

the fairest, the most reasonable, and the most efficient method? Two options were discussed: an equal division among all those people with a valid approved claim (*pro rata*); or an unequal division based on the number of days each approved claimant spent in jail without having had a first-appearance hearing before a judge (*per diem*).

For four reasons, the Court has concluded that an equal division is the best method. *First*, sharing the settlement money equally is what the proposed settlement agreement implies would be done. There's a reasonable expectation of a *pro rata* division. *Second*, figuring out a *per diem* award for each person would be complicated and expensive—it would reduce the pot of money available for payment to the approved claimants. The jail and court records are incomplete and cloudy. Lawyers, legal assistants, claimants, and the Court would have to go claim by claim to decide on each person's share. We did this in the *Covington v. Byrd* case; and it was a long, winding road. Greater precision could be achieved in this case, but it would end up taking money out of people's pockets. *Third*, the Court is concerned about fair notice to everyone. The original notices were silent about a *per diem* distribution, so that would be adding something new at the last minute. *Fourth*, the maxim

is "equity loves equality." There's a basic fairness in dividing the pot equally among all those who asked for a share and showed that they deserved one. No doubt the folks who stayed in jail longer without a bond hearing did suffer more. An equal distribution also recognizes, though, that the constitutional injury occurs when a person has to stay in jail even one day too long. All things considered, a *pro rata* division isn't perfect, but it's good and fair.

**7.** The Court is concerned about the potential *cy pres* distribution of any unclaimed money to a charitable entity. As long as it's cost effective to do so, any unclaimed settlement funds should eventually be distributed equally among all those who made approved claims. *In re Bankamerica Corporation Securities Litigation*, 775 F.3d 1060, 1064 (8th Cir. 2015); PRINCIPLES OF AGGREGATE LITIGATION § 3.07 (2010). If this is impracticable, then the Court must address the fit between the nominated charity (the International Trust for the Humanities, № 52-1, § X, ¶ 1) and this case. Any recipient charity must be one whose "interests reasonably approximate those being pursued by the class." 775 F.3d at 1064.

8. On Tuesday, 11 April 2017 at 9:00 a.m. in Helena at the federal courthouse, in courtroom #314, Magistrate Judge Joe J. Volpe will hold a hearing. He will consider the joint final claims report. Any potential class member whose timely written claim was rejected, and who timely asked for reconsideration in writing, may appear and be heard. The Court also authorizes Judge Volpe to equitably toll the deadline for objecting to exclusion from the settlement proceeds, № 52-1, § VIII, ¶ 4, for good cause. Any rejected claimant who made a timely written claim, appears at the April 11th hearing, and shows good cause for making a belated challenge to exclusion should also be heard. The hearing does not, however, reopen the claim period. That period lasted approximately three months, which was plenty of time. Judge Volpe may not receive or consider previously unmade claims — that would be unfair to all the people who followed the Court-approved procedure, responded to the adequate notices, and made timely claims. Instead, the hearing is solely to consider the evidence (existing or new) about any rejected claimant who appears and seeks reconsideration. The parties should come to the hearing prepared with all available records and information about all rejected claims. Judge Volpe may enter any Order

needed between now and the hearing to accomplish the hearing's objective.

9.  By 17 March 2017, the parties must mail a copy of this Order to all potential class members who made claims (approved or rejected) or whose mailing address is otherwise known.

10. The Court adopts the following schedule:

- Order mailed to claimants — 17 March 2017
- Thomas affidavit filed — 31 March 2017
- Joint final claims report filed — 31 March 2017
- Joint report on side agreements filed — 31 March 2017
- Joint pre-hearing information sheet, listing exhibits and witnesses, filed — 6 April 2017
- Claims-exclusion hearing in Helena, federal courthouse, courtroom #314 at 9:00 a.m. — 11 April 2017
- Attorney's fee petition filed — 14 April 2017
- Renewed joint motion for final settlement approval filed — 19 April 2017

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

10 March 2017