IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DONTEL THOMAS and
DALTON JACKSON, on
behalf of Themselves and all Others
Similarly Situated                                               PLAINTIFFS

v.                          No. 2:15-cv-95-DPM

NEAL BYRD, in his Official Capacity;
JOHN THOMAS, individually and in his
official capacity as an employee of City of
Helena-West Helena; and SENTENCING
OPTIONS SPECIALISTS, INC.                                        DEFENDANTS

ORDER

1. The Court notes Magistrate Judge Volpe's recommendation, № 73, the motion for attorney's fees, № 74, and plaintiffs' status report, № 77. The Court appreciates all these filings, as well as the parties' cooperation at the recent claims-exclusion hearing. But the Court needs more information as it considers giving final approval to the deal.

2. On the side agreements: The Court understands King and Butler's situation, but not Green's. Please clarify Green's decision and status. And the Court needs the documents covering all the details — including the proposed side agreements, themselves.

**3.** Next, the Court needs a renewed motion for settlement approval with supporting materials. (This can be combined with the additional side-agreement information.) As part of the renewed motion, the parties should provide the Court several things.

- Please provide an updated claims report of all class members, using the same process as before—replace names with numbers and then file a key document under seal. The six new folks who were proposed for admission to the class at the claims-exclusion hearing before Magistrate Judge Volpe should be clearly identified.

- Please describe the facts that prompted the parties to agree that Staten's and Winfield's objections to exclusion were mistakenly overruled. In other words, please briefly explain why they should be class members. The parties should also clarify whether Winfield made a *timely* objection. The claims report chart says he didn't, № 63-1, but counsel seemed to indicate at the hearing that he did. № 75 at 8–9. If Winfield didn't make a timely objection, then the

parties must explain why equitable tolling is appropriate for him (see below).

- Please briefly describe (person by person) why Brown, Jackson, and Webster should be allowed into the class. Each made a timely claim that was rejected. None of them made a timely objection to exclusion. On the merits, why should each person be included? And what facts about each person merit equitably tolling the objection deadline?

- The Court also needs the parties' arguments on why the claims period should be reopened for Harvey. This would be the effect of adopting the recommendation because Harvey didn't file a timely claim. The 11 April 2017 hearing transcript contains the material facts. But the Court was clear in its Order setting the claims-exclusion hearing that the claims period was closed and not subject to reopening. *№ 61 at 6*. Why should the Court reconsider that ruling?

\* \* \*

Class counsel should take the lead on these new papers. Joint renewed motion for final settlement approval, with updated charts and explanations about each new person, and with more information about (and copies of) the side agreements, due by 31 May 2017.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

12 May 2017