# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

DONTEL THOMAS and
DALTON JACKSON, on
behalf of Themselves and all Others
Similarly Situated                                               PLAINTIFFS

v.                         No. 2:15-cv-95-DPM

NEAL BYRD, in his Official Capacity;
JOHN THOMAS, individually and in his
official capacity as an employee of City of
Helena-West Helena; and SENTENCING
OPTIONS SPECIALISTS, INC.                                        DEFENDANTS

## ORDER

**1.** The Court adopts Magistrate Judge Volpe's recommendation. The Court resolves the claims objections and late claim as follows:

- Darren Buckner's claim is excluded as untimely. It was received several months late, and it involved events in 2005, which are outside the scope of this lawsuit.

- Staten and Winfield are added to the class. They both filed timely written objections saying that they were denied a first appearance during the class period. The existing records, which are incomplete and imperfect, don't disprove their claims.

- Brown, Jackson, and Webster are added to the class. The Court equitably tolls the objection deadline for them, because they showed up at the claims-exclusion hearing and objected in person. Webster and Jackson said they were denied first appearances. Here again, the patchy records don't disprove these claims. And in Brown's case, the documents prove he qualifies for the class.

- Harvey is added to the class based on extraordinary circumstances. He qualifies as a class member, but missed notice because he had moved; he contacted class counsel on the last day of the claim period, but had no way to file a claim by fax or email that day. He took all the right steps as soon as he reasonably could. And he appeared at the claims exclusion hearing. In these extraordinary circumstances, the Court modifies its prior Order, № 61 at 2 & 6, reopens the claims period for Harvey, and includes him in the settlement class. This step will slightly reduce other class members' *pro rata* share, but it's fair in the compelling circumstances presented.

2. The Court grants, as modified, the joint motion to approve the settlement agreement, № 79. With an exception previously noted, the proposed settlement agreement, № 52-1, is approved as fair, reasonable, and adequate. *In re Flight Transportation Corp. Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984). The settlement fund pays several thousand dollars in compensatory damages to each approved class member, class counsel's litigation fees and expenses, and the class representative's service awards. Only one class member opted out, and he did so to pursue a similar claim and an unrelated claim in a lawsuit on his own. All material circumstances considered, the settlement fund appropriately covers these amounts. The side agreement, № 79-2, is likewise approved. (There is one agreement, not two. *Compare* № 61 at 3.) The side agreement is not self dealing, it's a fair resolution of the related-litigation issues unique to Dontel Thomas, Dalton

Jackson, Alexander J. (A.J.) Culler and Lakevis King. (The final claims chart, № 79-1, needs to be updated to show that Culler and King are in the class.)

The exception. The Court remains concerned about the proposed *cy pres* distribution of any unclaimed funds. *№ 52-1 at 14; 61 at ¶ 7*. Any remaining funds must be distributed equally among all class members—as long as it's cost effective to do so. *In re Bankamerica Corp. Securities Litigation*, 775 F.3d 1060, 1064 (8th Cir. 2015). If distribution to class members is impractical, then the Court must address the fit between the International Trust for the Humanities and this case. No *cy pres* distribution may be made until this is done. *Ibid.*

**3.** The Court grants the requested injunctive relief against the City of Helena-West Helena and Phillips County. *№ 52-1 at 11*. The Court enjoins the City, the County, and all their officials, agents, officers, employees, as follows:

> The City and County shall comply with the law in providing timely Arkansas Rule of Criminal Procedure 8 hearings. The City and the County must comply with the law in conducting the proper inquiry into individuals' ability to pay and in appointing adequate representation where appropriate before jailing individuals for failure to pay monies owed to the city or the county. The City and County shall not continue to incarcerate any individual who has not received a timely post-arrest hearing.

> The City and County shall not take by action to collect any unpaid fines or costs due from *Thomas v. Byrd* settlement class members as a result of the underlying arrest.

**4.** In addition to getting a member's share of the settlement fund, Jackson and Thomas are entitled to a reasonable service fee for acting as class representatives. Being the public face for the case cost them time and was a burden in other ways, as documented in Jackson's hearing testimony and Thomas's post-hearing affidavit. All material things considered, though, the amounts requested for their services are too much. The Court awards Jackson $15,000 and Thomas $6,000.

**5.** Class counsel deserves to be paid for much good work. The billing records are somewhat jumbled, but they're good enough in the circumstances. Class counsel seeks a $75,000 fee, which is more than one-third of the total common fund. It's also the maximum that counsel said, at the fairness hearing, he would seek. Considering the size of the fund, the class, and the work counsel already did (and was paid for) in the *Covington* case on this same issue, $75,000 is a little too much. The sometimes-favored "percentage of the fund" method doesn't fit this case well. *Compare Petrovic v. Amoco Oil Company*, 200 F.3d 1140, 1157 (8th Cir. 1999), *with Johnston v. Comerica*

*Mortgage Corporation*, 83 F.3d 241, 244-47 (8th Cir. 1996). The lodestar method best captures the reasonable compensation, in light of all the circumstances, for class counsel's time and effort. 42 U.S.C. § 1988(b); *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989).

Class counsel's requested hourly rates are too high. The Court recently approved certain rates for the same kind of work in *Covington*, and will use them here: Luther Sutter—$300; Lucien Gillham—$250; and Tona Demers—$225. Using these rates, the time actually spent would produce an even higher fee than counsel has requested. But the Court reduces the amount of time awarded—without addressing specific problems in the billing—because of the groundwork laid in *Covington*. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *United Healthcare Corporation v. American Trade Insurance Company LTD*, 88 F.3d 563, 574 n.9 (8th Cir. 1996). It was reasonable for Luther Sutter to spend 150 hours working on the case, for Tona Demers to spend 25 hours, and for Lucien Gillham to spend 25 hours. The Court has reduced the time total by 82 hours. The Court doesn't doubt these hours were spent, but they aren't reasonably billed against the common fund in the circumstances. The total fee award is $56,875.

The Court approves the unopposed request for expenses of $6,877.60. These were paid out of pocket, and were reasonable expenses for this case. Most of the expenses were for an experienced paralegal. The tank of airplane fuel is out of the ordinary, but it's a wash with the saved travel time. All said, the award to class counsel for fees and expenses is $63,752.60. Subtracting this and the class representative fees, the settlement fund has $125,247.40 remaining to divide between the 31 approved class members.

* * *

Magistrate Judge Volpe's recommendation, № 73, is adopted, with thanks. The joint motion to approve the settlement agreement, № 79, is granted as modified. Any *cy pres* distribution will abide further Order. The motion for attorney's fees and costs, № 74, is mostly granted and partly denied: attorney's fees and expenses of $63,752.60 are awarded out of the common fund to class counsel. Dalton Jackson is awarded $15,000 as a service fee; Dontel Thomas is awarded $6,000 as a service fee; each award is in addition to a *pro rata* share of the common fund balance. If the Court has done the math correctly, each class member will receive $4,040.24. If the Court has made a math error, the parties may adjust the distribution amount

accordingly and explain this to class members in a cover letter. The parties must send a copy of this Order and the Judgment to each class member with the check. Judgment will be entered. Joint report on settlement administration due by 1 December 2017.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

29 June 2017